UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCIS DULLEA,

     Petitioner,

v.                                 CASE NO. 6:10-cv-915-Orl-31DAB
                                        (6:07-cr-214-Orl-31DAB)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Francis Dullea (Doc. No. 1).  The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*.  Petitioner filed a reply (Doc. No. 10) to the response.

Petitioner alleges three claims for relief in his motion:  first, his guilty plea was involuntary and unlawfully induced; second, the statute under which he was convicted was unconstitutional, and his sentence was unlawfully enhanced; and third, he received ineffective assistance of counsel at "critical stages of the proceedings."

### I.  *Procedural History*

Petitioner was charged by information with one count of possession of child pornography (Criminal Case No. 6:07-cr-214-Orl-31DAB, Doc. No. 12, filed December 6,

2007).[1]  Petitioner entered a plea of guilty to the charge before Magistrate Judge David A. Baker (Criminal Case Doc. No. 21).   Magistrate Judge Baker filed a Report and Recommendation recommending that the plea be accepted, that Petitioner be adjudicated guilty, and that sentence be imposed accordingly.  *Id*.  On January 8, 2008, this Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. No. 28).  The Court conducted sentencing hearings,[2] and on March 27, 2008, the Court entered a Judgment in a Criminal Case, sentencing Petitioner to a 120-month term of imprisonment to be followed by five years of supervised release (Criminal Case Doc. No. 38).  Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which entered a written, unpublished opinion affirming the conviction and sentence.  *See* Criminal Case Doc. No. 50.

## III.    Analysis

### A.    Claim One

Petitioner states that his guilty plea was involuntary and unlawfully induced because his counsel failed to file a pre-trial motion asserting that the visual images had not been transported in interstate or foreign commerce, including by computer.

This claim is without merit.  In *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004), the Eleventh Circuit Court of Appeals held that the internet was an instrumentality of interstate commerce and that Congress had the authority to regulate the

---

[1]Hereinafter Criminal Case No.6:07-cr-214-Orl-31DAB will be referred to as "Criminal Case."

[2]The Court held two hearings with regard to Petitioner's sentencing.  The initial hearing was held on March 6, 2008, and the final hearing was held on March 25, 2008.

internet "to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact." Here, Petitioner admitted to the use of the internet to receive images of child pornography, and, therefore, Petitioner has not demonstrated that counsel acted deficiently with regard to this matter.

Additionally, Petitioner was aware that the travel in interstate commerce was an element of the child pornography charge to which he pled guilty. At the plea hearing, Petitioner acknowledged that he knowingly possessed child pornography on his computer and that he downloaded those child pornography pictures on to his computer. (Transcript of Change of Plea, Doc. No. 47, at 15.) Petitioner also admitted at the change of plea hearing that the factual basis presented by the Government was accurate, *id*. at 16-17, and the factual basis provided, among other matters, as follows: "Using an e-machines computer (which was manufactured outside the State of Florida) connected to the Internet and accessing child pornography as described above, DULLEA viewed and downloaded over the Internet at least 318 images of child pornography." *See* Doc. No. 15, at 3.

The information charged Petitioner with possessing "items of child pornography that had been transported in interstate or foreign commerce, including by computer . . . ." Petitioner affirmed that he was voluntarily and knowingly entering a plea of guilty and that he was doing so because he was guilty of the charges described in the information. (Transcript of Change of Plea, Doc. No. 47, at 8, 18.) Petitioner was informed of the charges against him by the Court during the plea colloquy, and the factual basis presented by the Government explicitly mentioned the interstate commerce element. The record reflects that

Petitioner understood that he was agreeing that the images had traveled in interstate commerce, and the Court finds that Petitioner entered into his plea knowingly and voluntarily.  Thus, this claim is denied.

**B.**    *Claim Two*

Petitioner states that the statute under which he was convicted was unconstitutional, and his sentence was unlawfully enhanced.  Petitioner mentions that the Government failed to file "a notice of sentence enhancement" and that the Court erroneously treated "the Guidelines as binding authority in violation of *Booker.*"[3]

This claim was not raised on direct appeal.  "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990) ("In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*, 36 F.3d at 1055.

Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually

---

[3]*United States v. Booker*, 543 U.S. 220 (2005).

innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise this claim on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's failure to raise this claim on direct appeal constitutes a waiver and bars him from raising this claim in the instant proceeding.

**C.      *Claim Three***

Petitioner argues that he received ineffective assistance of counsel at "critical stages of the proceedings." He claims that trial counsel should have challenged the "jurisdictional nexus of the statute under which [he] was convicted" and offered "mitigating evidence in support of a lesser sentence due to [his] mental state at sentencing as well as the *Booker* violation under §3553(b)(2)." Petitioner also contends that appellate counsel should have challenged these matters.

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the

*Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.  *Id*. at 687.[4]  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.  *Id*. at 689-90.

As discussed above, there was no basis to challenge the charge in the information since Petitioner admitted to the use of the internet to receive images of child pornography. Therefore, trial counsel was not ineffective for failing to raise the "jurisdictional" argument mentioned by Petitioner.

Likewise, trial counsel was not ineffective with regard to the sentencing issues identified by Petitioner.  Petitioner's counsel filed a lengthy Sentencing Memorandum, discussing in detail Petitioner's objections to the application of a statutory 10-year minimum term of imprisonment and to the number of contraband images used to calculate the sentence under the Sentencing Guidelines.  *See* Criminal Case Doc. No. 29.  Petitioner's counsel also raised objections to the Presentence Investigation Report (the "PSI") and argued extensively at the sentencing hearings that an enhanced penalty (a minimum mandatory sentence of ten years) should not be imposed and that the Government had not

---

[4]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

correctly calculated the number of contraband images in Petitioner's possession.   In addition, Petitioner's counsel presented mitigation evidence at the sentencing hearings, which included the testimony of family members and a written statement by Petitioner. Further, Petitioner's counsel specifically argued at the sentencing hearings that "[i]n light of the 3553(a) factors, I think we presented the Court with sufficient evidence to render a *Booker* sentence, if you will."[5]   (Transcript of Sentencing Hearing Held on March 25, 2008 at 29.)  The record evinces that Petitioner's counsel did not act deficiently at sentencing, and there has been no showing of prejudice.

The Court also notes that there is nothing in the record indicating that Petitioner suffered any type of mental impairment.  In fact, the PSI reveals that Petitioner "advised that he has never been diagnosed with a mental health or emotional problem."  *See* PSI at 8.  Thus, counsel was not deficient with regard to this matter.

In addition, Petitioner was sentenced under 18 U.S.C. § 2252A(b)(2), which imposes a ten-year minimum mandatory sentence for possession of child pornography when the person has a prior conviction.  Petitioner's vague and conclusory allegation that there was a "*Booker* violation" under section 3553(b)(2) is insufficient to show that counsel acted deficiently.

Finally, there has been no showing that appellate counsel acted deficiently.  The issues identified by Petitioner, as discussed above, were without merit.  Moreover, the

---

[5]Under *Booker*, the district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the section 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

record reflects that Petitioner's appellate counsel submitted an initial brief which was comprehensive, thorough, and well-argued.  Certainly, the record clearly evinces the thoroughness and reasonableness of appellate counsel's work.  *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work).  The fact that other issues might have succeeded "does not lead automatically to the conclusion that [Petitioner] was deprived of a constitutional right when his lawyer failed to assert such a claim." *Woodfork v. Russell*, No. 92-4301, 1994 WL 56933, at *4 (6th Cir. February 24, 1994) (unpublished opinion).  As a result, there has been no showing that appellate counsel acted deficiently or that Petitioner sustained prejudice.  Consequently, claim three is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Francis Dullea (Doc. No. 1) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:07-cr-214-Orl-31DAB.

4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 51) filed in criminal case number 6:07-cr-214-Orl-31DAB.

5.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[6]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of April, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 4/27
Francis Dullea
Counsel of Record

---

[6]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.